

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH
NEW YORK

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

June 27, 2011

OUR FILE NUMBER
882604-0075

**VIA ELECTRONIC COURT FILING**

WRITER'S DIRECT DIAL
(213) 430-6005

WRITER'S E-MAIL ADDRESS
rsiegel@omm.com

The Hon. Allyne R. Ross
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *USAPA v. US Airways, Inc., et al. No. CV-11-2579*

Dear Judge Ross:

Plaintiff US Airline Pilots Association ("Plaintiff"), the collective bargaining representative of the pilots of the airline, has alleged four claims against US Airways, Inc. ("US Airways") under the Railway Labor Act ("RLA"). The crux of its Complaint is that US Airways failed to abide by the grievance and arbitration procedures contained in the collective bargaining agreement applicable to its pilots (the "CBA") and has failed to "exert every reasonable effort" to negotiate a new agreement with its pilots. Plaintiff's claims are without merit and should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The claims regarding the grievance and arbitration procedures involve interpretation and application of the CBA and are therefore minor disputes subject to mandatory arbitration and are beyond the jurisdiction of this Court. The claim for failing to exert every reasonable effort is deficient because Plaintiff has not alleged facts establishing the predicate for such a claim—a desire on the part of US Airways not to reach an agreement. The "facts" alleged by the Plaintiff are entirely false, but even if there were any truth to those allegations, this case is nonetheless subject to dismissal. Pursuant to Rule III.A of this Court's Individual Motion Practices, we request that a pre-motion conference be set at the Court's convenience.

A.   **Plaintiff's First, Second and Fourth Claims are Minor Disputes within the Exclusive Jurisdiction of the System Board of Adjustment.**

In its first two causes of action, Plaintiff alleges that US Airways violated the RLA by improperly docking pilot pay, refusing to schedule arbitrations on an accelerated basis, declining to enter global settlements of grievances and last chance agreements, refusing to resolve grievances arising under a Transition Agreement ("TA") negotiated by the parties, failing to maintain sufficient staff to process grievances and extending grievance hearings unnecessarily through the use of stall tactics. Plaintiff bases its claims on provisions of the RLA requiring parties to maintain the status quo during the pendency of a "major" dispute. *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 152-53 (1969).

O'MELVENY & MYERS LLP
The Honorable Allyne R. Ross, June 27, 2011 - Page 2

Under the RLA, disputes between a carrier and a union are classified as either "major" or "minor." Major disputes are those over the "formation of collective agreements or efforts to secure them. They look to the acquisition of rights for the future not to assertion of rights claimed to have vested in the past." *Elgin, J. & E. R. Co. v. Burley*, 325 U.S. 711, 723 (1945). "Minor" disputes, on the other hand, "contemplate[] the existence of a collective agreement already concluded" and involve the application or interpretation of that agreement. *Id.* While courts have authority to resolve major disputes, minor disputes under the RLA are reserved exclusively for system boards of adjustment. *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n ("Conrail"),* 491 U.S. 299, 303-04 & n.4 (1989).

The Supreme Court has ruled that carriers bear a "relatively light burden" in establishing that a dispute is minor and therefore subject to mandatory arbitration. *Id*. at 307. "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement." *Id*. Thus, in *Conrail,* the carrier changed its drug testing policy such that employees were routinely tested in all periodic and return-to-work physical examinations. Although the carrier's right to include drug testing in physical examinations "rest[ed] solely upon implied contractual terms, as interpreted in light of past practice" the Supreme Court nevertheless found that the carrier's conduct was "arguably justified" by the contract. Accordingly, even though there was no express contractual term permitting the change in working conditions, the dispute was minor and subject to mandatory arbitration before the National Railroad Adjustment Board. *Id*. at 312.

The same is true here. The changes alleged by Plaintiff all concern subjects which are governed by the CBA. For example, Section 21 of the CBA contains a comprehensive framework for the grievance and arbitration process and a Letter of Agreement (a supplement to the CBA) controls accelerated arbitrations. Thus, Plaintiff's contention that US Airways has refused to schedule accelerated arbitrations will require application of language in the Letter of Agreement allowing such arbitrations only for "cases that are mutually selected by the parties." The assertion that US Airways has extended grievance hearings unnecessarily will require interpretation of language in the CBA permitting parties to "summon any witnesses" and present evidence "either orally or in writing, or both." Similarly, the contention that US Airways has refused to settle disputes under the TA is governed by a provision within the TA that the parties will "resolve as follows a dispute between them" and then sets forth a process for settlement discussions and arbitration. These and Plaintiff's other allegations raise minor disputes because they require application of current agreements and because US Airways will show that its conduct, as alleged, is arguably justified under these and other provisions of the agreements as well as the past practice of the parties. *See, e.g.*, *Thacker v. St. Louis S.W. Ry. Co.*, 257 F.3d 922, 923-24 (8th Cir. 2001); *Air Line Pilots Ass'n v. Champion Air, Inc.*, No. 06-2467, 2007 WL 1229385, at *5 (D. Minn. Apr. 27 2007). For this reason, these claims must be arbitrated before the US Airways' System Board of Adjustment which has exclusive jurisdiction to resolve them.

Similarly, Plaintiff contends in its fourth cause of action that US Airways violated the RLA by failing "to settle or otherwise resolve disputes" under the CBA. (Complaint ¶ 132.) This claim fails for two reasons. First, Plaintiff does not allege facts to support its claim but offers only insufficient legal conclusions. Second, it concerns the application of a collective bargaining agreement and is therefore a minor dispute to be resolved through mandatory

O'MELVENY & MYERS LLP

The Honorable Allyne R. Ross, June 27, 2011 - Page 3

arbitration. *See Conrail*, 491 U.S. at 306-07; *Bhd. of Maint. of Way Employees v. Union Pac. R.R. Co.*, 358 F.3d 453, 457-58 (7th Cir. 2004).

### B. Plaintiff's Third Cause of Action Is Meritless.

Plaintiff alleges in its third cause of action that US Airways has expressed hostility toward the bargaining process, refused to schedule "additional" bargaining sessions, refused to respond to certain union proposals and offered proposals that were outside the existing industry standards. (Complaint ¶ 124.) Assuming for purposes of its motion to dismiss that these allegations are true (and they are not), they are insufficient to state a Section 2, First claim.

In 2005, US Airways merged with America West Airlines, Inc., to form the current US Airways. Subsequent to the merger, US Airways and its pilots commenced negotiations for an integrated contract that would cover both the former US Airways and America West pilots. These negotiations have been protracted in part because of a lingering disagreement between the two pilot groups over a combined seniority list. *See Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174 (9th Cir. 2010). The negotiations are currently under the supervision of the National Mediation Board ("NMB"), which has unfettered authority to establish the timing, location and format of the negotiations sessions and to release the parties from negotiations when it determines that an agreement cannot be reached. Neither party has requested a release and the NMB has not issued one.

The Supreme Court has cautioned that with respect to bad faith bargaining claims "great circumspection should be used in going beyond cases involving 'desire not to reach an agreement' for doing so risks infringement of the strong federal labor policy against government interference with . . . collective bargaining agreements." *Chicago & N.W. Ry. Co. v. United Transp. Union*, 402 U.S. 570, 579 n.11 (1971). Plaintiff's allegations fall far short of alleging a desire not to reach agreements. In fact, the Union concedes that US Airways has attended bargaining sessions regularly, exchanged proposals, is currently engaged in mediation before the NMB and even agreed to a Union proposal to bargain more frequently. (Complaint ¶¶ 26-39.) These admissions are inconsistent with a desire not to reach agreement. *Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 545 (9th Cir. 1992) (initial inquiry is whether the parties have met and exchanged proposals). Courts have dismissed bad faith bargaining claims involving far more egregious allegations. *See, e.g., Air Line Pilots Ass'n, Int'l v. Spirit Airlines, Inc.*, No. 08-CV-13785, 2009 WL 1803236, at *13-15, 18 (E.D. Mich. June 18, 2009); *BNSF Ry. Co. v. United Transp. Union*, 462 F. Supp. 2d 746, 761 (S.D. Tex. 2006); *Ass'n of Flight Attendants v. Midway Airlines, Inc.*, No. 88 C 7447, 1989 WL 18233, at *3-5 (N.D. Ill. Feb. 28, 1989).

Sincerely,

/s/ Robert A. Siegel

Robert A. Siegel (SBN 2205284)
Attorney for US Airways